UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------

In the Matter of the Application of the United States
of America for a Search Warrant for DNA Samples
to be Obtained by Oral Swabbing from Michael
Castillo (DOB ███████; Reg. #58937-177),
USAO Reference No. 2017R00868

------------------------------------------------------

**Agent Affidavit in Support of
Application for Search Warrant**

EASTER DISTRICT OF NEW YORK) ss.:

James Menton, a Task Force Officer with the Federal Bureau of Investigation ("FBI"),
being duly sworn, deposes and states:

**INTRODUCTION**

1.      I have been employed by the New York City Police Department for approximately
26 years and have been a Task Force Officer with the FBI for approximately five years.  During
that time, I have participated in numerous investigations of unlawful drug distribution and violent
crimes, including drug-related shootings and homicides. As part of those investigations, I have
conducted or participated in the collection of DNA samples, including through the use of buccal
swabs, where DNA is obtained by swabbing the inside of an individual's mouth or cheeks.  I also
have training and experience relating to the collection and storage of DNA for testing.

2.      I make this affidavit in support of the Government's application pursuant to Rule
41 of the Federal Rules of Criminal Procedure for a warrant to obtain DNA samples by oral
swabbing from an individual identified as MICHAEL CASTILLO, a/k/a "Squirrel" (DOB
███████; Inmate Register No. 58937-177).  CASTILLO is charged in the Southern District of
New York with Title 18, United States Code, Sections 1958 and 2 (murder for hire), 924(j) and 2
(murder through the use of a firearm); and 1952 and 2 (Travel Act murder) (the "Subject
Offenses").  *See United States v. David Espinal and Michael Castillo*, S2 19 Cr. 428 (JGK) (the
"Indictment").  The Indictment is attached hereto as Exhibit A.

3.     Based on the information set forth below, I respectfully submit that there is probable cause to believe that DNA samples obtained from CASTILLO may match DNA obtained from the crime scene of the homicide of Hector Arias, which occurred on or about March 10, 2011 at approximately 7:18 AM in the apartment building at 712 East Gun Hill Road (the "Murder"), which is the murder underlying the charges against CASTILLO.

**PROBABLE CAUSE**

4.     This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training and experience concerning firearms and DNA collection and testing.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.     CASTILLO is currently housed in the Metropolitan Detention Facility in Brooklyn, which is located within the Eastern District of New York.

6.     On November 12, 2020, the Honorable Debra Freeman, United States Magistrate Judge for the Southern District of New York, swore out a search warrant for the oral swabbing of CASTILLO based on an application and affidavit which I submitted to the Court.  The signed application, affidavit and warrant (the "November 12, 2020 Warrant") is attached hereto as Exhibit B.  This warrant incorrectly stated that the person to be searched was located within the Southern District of New York.  Other than incorrectly stating the present location of the person to be searched, the affidavit in Exhibit B is correct and is incorporated by reference, as modified, herein.

7.      As stated in the November 12, 2020 Warrant, CASTILLO has been charged in the Indictment with charges relating to the murder of Hector Arias, a/k/a "Even," in the Bronx, New York on or about March 10, 2011.  Specifically, based on my participation in this investigation, which has included conversations with multiple witnesses, including a cooperating witness who drove CASTILLO to and from the Murder, as well as the review of law enforcement records and phone records, among other things, there is probable cause to believe that CASTILLO was paid by a co-conspirator to murder Arias as a result of a long-standing rivalry between two drug organizations, and that CASTILLO did in fact murder Arias and was paid for committing the Murder.

8.      As further stated in the November 12, 2020 Warrant, after the Murder, the Office of Medical Examiner collected human DNA from Arias's body.  Some of this DNA is suitable for comparison and there is probable cause to believe that the DNA could match CASTILLO's DNA. Specifically, Arias's girlfriend who witnessed the Murder previously testified under oath that she observed Arias and the individual who killed Arias "scuffling" in the hallway before the individual shot Arias.  Arias's girlfriend testified in connection with a 2014 prosecution by the Bronx County District Attorney's Office in which an individual other than CASTILLO was charged with the Murder and acquitted at trial.

9.      Based on the foregoing, I submit that there is probable cause to believe that CASTILLO engaged in the Subject Offenses and that the DNA sample requested will constitute evidence of those offenses.

### REQUEST FOR SEARCH WARRANT

10.     From my training and experience, I know that when an individual touches an object, he or she can transfer onto the object certain biological matter, such as skin cells, which contain DNA unique to the individual.

11.     Through training and experience, including prior cases in which I have obtained DNA samples from suspects, I know and understand that the DNA samples from CASTILLO will be obtained by using cottons swabs to swab the inside of CASTILLO's mouth and specifically the linings of each of his cheeks.  To ensure a successful test, I intend to obtain one sample from the cheek.  The sample will then to be placed in a sealed container and transported to a laboratory for analysis.

12.     WHEREFORE, I respectfully request that a search warrant be issued pursuant to Rule 41 of the Federal Rules of Criminal Procedure authorizing me and other law enforcement officers to obtain DNA samples from CASTILLO, as set forth above.

James Menton
James Menton, Task Force Officer
Federal Bureau of Investigation

Sworn to before me through the transmission of this Affidavit by reliable
Electronic means, pursuant to Federal Rules of Criminal
Procedure 41(d)(3) and 4.1, this 17th day of November, 2020

s/Ramon E. Reyes, Jr.
_____
HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | SUPERSEDING INDICTMENT |
|  | : |  |
| - v. - | : | S2 19 Cr. 428 (JGK) |
|  | : |  |
| DAVID ESPINAL,<br>a/k/a "D-Block," and<br>MICHAEL CASTILLO,<br>a/k/a "Squirrel," | : |  |
|  | : |  |
| Defendants. | : |  |

- - - - - - - - - - - - - - - X

## COUNT ONE

The Grand Jury charges:

1.     In or about 2011, in the Southern District of New York
and elsewhere, DAVID ESPINAL, a/k/a "D-Block," and MICHAEL
CASTILLO, a/k/a "Squirrel," the defendants, did travel in and
cause another person to travel in interstate and foreign
commerce, and did use and cause another person to use the mail
and a facility of interstate and foreign commerce, with intent
that a murder be committed in violation of the laws of a State
and the United States as consideration for the receipt of, and
as consideration for a promise and agreement to pay, a thing of
pecuniary value, which resulted in the death of Hector Arias,
and did aid and abet the same, to wit, ESPINAL hired and paid
CASTILLO to murder Arias, and CASTILLO did so.

(Title 18, United States Code, Sections 1958 and 2.)

COUNT TWO

The Grand Jury further charges:

2.    On or about March 10, 2011, in the Southern District of New York and elsewhere, DAVID ESPINAL, a/k/a "D-Block," and MICHAEL CASTILLO, a/k/a "Squirrel," the defendants, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, a conspiracy to distribute marijuana, did use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess a firearm, and in the course of that drug trafficking crime did, through the use of a firearm, cause the death of Hector Arias, which killing was murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same.

(Title 18, United States Code, Sections 924(j) and 2.)

COUNT THREE

The Grand Jury further charges:

3.    On or about March 10, 2011, in the Southern District of New York and elsewhere, DAVID ESPINAL, a/k/a "D-Block," and MICHAEL CASTILLO, a/k/a "Squirrel," the defendants, knowingly traveled in interstate and foreign commerce and used the mails and any facility in interstate and foreign commerce with intent to commit a crime of violence, namely, murder, to further an unlawful activity, namely, a business enterprise involving a

2

controlled substance, and with intent to promote, manage,
establish, and carry on, and facilitate the promotion,
management, establishment, and carrying on of the unlawful
activity, and thereafter did perform a crime of violence to
further the unlawful activity, and did aid and abet the same,
and death resulted, to wit, at ESPINAL's request and direction,
CASTILLO shot and killed Hector Arias in the vicinity of 712
East Gun Hill Road in the Bronx, New York.

(Title 18, United States Code, Sections 1952 and 2.)

### SPECIAL FINDINGS

4.    Counts One and Two of this Indictment are realleged
and incorporated by reference as though fully set forth herein.
As to Counts One and Two, alleging the murder of Hector Arias,
the defendant DAVID ESPINAL, a/k/a "D-Block":

a.    was 18 years of age or older at the time of
the offense; and

b.    intentionally participated in an act,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
the victim died as a direct result of the act (Title 18, United
States Code, Section 3591(a)(2)(C)).

5.    Counts One and Two of this Indictment are realleged
and incorporated by reference as though fully set forth herein.

3

As to Counts One and Two, alleging the murder of Hector Arias,
the defendant MICHAEL CASTILLO, a/k/a "Squirrel":

   a. was 18 years of age or older at the time of
the offense;

   b. intentionally killed the victim (Title 18,
United States Code, Section 3591(a)(2)(A));

   c. intentionally inflicted serious bodily
injury that resulted in the death of the victim (Title 18,
United States Code, Section 3591(a)(2)(B)); and

   d. intentionally participated in an act,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
the victim died as a direct result of the act (Title 18, United
States Code, Section 3591(a)(2)(C)).

## FORFEITURE ALLEGATION

 6. As a result of committing the offense alleged in Count
One of this Indictment, DAVID ESPINAL, a/k/a "D-Block," and
MICHAEL CASTILLO, a/k/a "Squirrel," the defendants,  shall
forfeit to the United States, pursuant to Title 18, United
States Code, Section 981(a)(1)(C) and Title 28 United States
Code, Section 2461(c), any and all property, real and personal,
that constitutes or is derived from proceeds traceable to the
commission of said offense, including but not limited to a sum

4

of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

SUBSTITUTE ASSETS PROVISION

7.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

5

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

### UNITED STATES OF AMERICA

v.

**DAVID ESPINAL, a/k/a "D-Block," and
MICHAEL CASTILLO, a/k/a "Squirrel,"**

Defendants.

---

### SUPERSEDING INDICTMENT

S2 19 Cr. 428 (JGK)

(18 U.S.C. §§ 1958, 1952, 924(j),
and 2.)

GEOFFREY S. BERMAN
United States Attorney

_____
Foreperson

10/1/19    Filed Superseding Indictment

USMJ Fox.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

DNA Sample to be Obtained by Oral Swabbing from
Michael Castillo (DOB ▮▮▮); Reg. # 58937-177)

)
)
)
)
)

# 20 MAG 12168

Case No.

## APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

DNA samples to be obtained by oral swabbing from Michael Castillo (DOB ▮▮▮); Reg. # 58937-177)

located in the _____ Southern _____ District of _____ New York _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attached Affidavit and Its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    X evidence of a crime;

        contraband, fruits of crime, or other items illegally possessed;

        property designed for use, intended for use, or used in committing a crime;

        a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description(s) |
|---|---|
| 18 USC § 1958 and 2<br>18 USC § 924(j) and 2<br>18 USC § 1952 and 2 | Murder for hire<br>Murder through the use of a firearm<br>Travel Act murder |

The application is based on these facts:

See Attached Affidavit and Its Attachment A

    ❑ Continued on the attached sheet.

    ❑ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
        under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/James Menton, by the Court, with permission
*Applicant's signature*

James Menton, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 11/12/2020 _____

City and state: New York, NY

*Judge's signature*

Honorable Debra Freeman, U.S. Magistrate Judge
*Printed name and title*

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>DNA Sample to be Obtained by Oral Swabbing from<br>Michael Castillo (DOB ████); Reg. # 58937-177) | )<br>)<br>)<br>)<br>)<br>) |

## 20 MAG 12168

Case No.

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

DNA Samples to be Obtained by Oral Swabbing from Michael Castillo (DOB ████); Reg. # 58937-177)

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

DNA samples obtained by using cotton swabs to swab the lining of Michael Castillo's cheek, which will be sealed and transported to a labortaory

The search and seizure are related to violation(s) of *(insert statutory citations)*:

18 U.S.C. §§ 1958, 924(j), 1952

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before      November 25, 2020
*(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.      ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.

☐ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. _____
*USMJ Initials*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      11/12/2020 5:09 pm          *Debra Freeman*
                                                     *udge's signature*

City and state:      New York, NY          Honorable Debra Freeman, U.S. Magistrate Judge
                                              *Printed name and title*

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 20 MAG 12168

---

In the Matter of the Application of the United States
of America for a Search Warrant for DNA Samples
to be Obtained by Oral Swabbing from Michael
Castillo (DOB 04/21/1983; Reg. #58937-177),
USAO Reference No. 2017R00868

**Agent Affidavit in Support of
Application for Search Warrant**

---

SOUTHERN DISTRICT OF NEW YORK) ss.:

     James Menton, a Task Force Officer with the Federal Bureau of Investigation ("FBI"),

being duly sworn, deposes and states:

## **INTRODUCTION**

     1.     I have been employed by the New York City Police Department for approximately

26 years and have been a Task Force Officer with the FBI for approximately five years.  During

that time, I have participated in numerous investigations of unlawful drug distribution and violent

crimes, including drug-related shootings and homicides. As part of those investigations, I have

conducted or participated in the collection of DNA samples, including through the use of buccal

swabs, where DNA is obtained by swabbing the inside of an individual's mouth or cheeks.  I also

have training and experience relating to the collection and storage of DNA for testing.

     2.     I make this affidavit in support of the Government's application pursuant to Rule

41 of the Federal Rules of Criminal Procedure for a warrant to obtain DNA samples by oral

swabbing from an individual identified as MICHAEL CASTILLO, a/k/a "Squirrel" (DOB

███████; Inmate Register No. 58937-177).  CASTILLO is charged in this District with Title

18, United States Code, Sections 1958 and 2 (murder for hire), 924(j) and 2 (murder through the

use of a firearm); and 1952 and 2 (Travel Act murder).  *See United States v. David Espinal and*

*Michael Castillo.*, S2 19 Cr. 428 (JGK) (the "Subject Offenses").

3.     Based on the information set forth below, I respectfully submit that there is probable cause to believe that DNA samples obtained from CASTILLO may match DNA obtained from the crime scene of the homicide of Hector Arias, which occurred on or about March 10, 2011 at approximately 7:18 AM in the apartment building at 712 East Gun Hill Road (the "Murder"), which is the murder underlying the charges against CASTILLO.

## PROBABLE CAUSE

4.     This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training and experience concerning firearms and DNA collection and testing.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.     Based on my participation in this investigation, including conversations with a cooperating witness who has personal knowledge of the circumstances surrounding the Murder ("CC-1")[1] in addition to several other witnesses, I have learned in, substance and in part, the following:

        a.     On or about March 10, 2011, CASTILLO shot and killed Hector Arias, a/k/a "Even," in the hallway of an apartment building at 712 East Gun Hill Road in the Bronx, New

---

[1] CC-1 has pled guilty to robbery, drug trafficking and murder pursuant to a cooperation agreement.  He is cooperating with law enforcement in the hope of receiving a more favorable sentence in connection with these other crimes.  Information provided by CC-1 in other contexts has been corroborated and shown to be reliable.

2

York.  CASTILLO was hired by his co-defendant, David Espinal, to shoot and kill Arias because of a long running drug-related rivalry.

> b.      On the day of the Murder, CC-1 drove CASTILLO to the building where the Murder took place.  According to CC-1, when they arrived near the building, CASTILLO got out of the car, and CC-1 saw that CASTILLO was carrying a gun.  Sometime later, CASTILLO returned to the car, and he and CC-1 drove away.  During the car ride, CASTILLO told CC-1 that during his encounter with the Arias, Arias's girlfriend and daughter came out and started screaming.  CASTILLO recounted that he shot Arias and then ran down the stairs.

6.      In approximately 2011, prosecutors in the Bronx County District Attorney's Office prosecuted an individual other than CASTILLO for the murder of Arias, based primarily on an identification provided by Arias's girlfriend.  That individual was acquitted at a trial, which occurred in 2014 (the "2014 Trial").

7.      Based on my review of the trial transcript from the 2014 Trial, I have learned that Arias's girlfriend testified at the trial and stated, in substance and in part, that on the morning of the Murder, Arias's girlfriend observed an individual standing in the hallway of their apartment building with a gun in his hand.  She further observed the individual and Arias "scuffling" in the hallway before the individual shot Arias.

8.      Based on my review of reports from the Office of the Chief Medical Examiner ("OCME") and discussions with other law enforcement officers who have spoken with OCME representatives, I have learned, in substance and in part, that human DNA that is suitable for comparison was found on Arias's body, specifically under his left and right fingernails.

9.      Based on the foregoing, I submit that there is probable cause to believe that
CASTILLO engaged in the Subject Offenses and that the DNA sample requested will constitute
evidence of those offenses.

## REQUEST FOR SEARCH WARRANT

10.     From my training and experience, I know that when an individual touches an object,
he or she can transfer onto the object certain biological matter, such as skin cells, which contain
DNA unique to the individual.

11.     Through training and experience, including prior cases in which I have obtained
DNA samples from suspects, I know and understand that the DNA samples from CASTILLO will
be obtained by using cottons swabs to swab the inside of CASTILLO's mouth and specifically the
linings of each of his cheeks.  To ensure a successful test, I intend to obtain one sample from the
cheek.  The samples will then to be placed in sealed containers and transported to a laboratory for
analysis.

12.     WHEREFORE, I respectfully request that a search warrant be issued pursuant to
Rule 41 of the Federal Rules of Criminal Procedure authorizing me and other law enforcement
officers to obtain DNA samples from CASTILLO, as set forth above.


                                        s/James Menton, by the Court, with permission
                                        _____
                                        James Menton, Task Force Officer
                                        Federal Bureau of Investigation


Sworn to before me through the transmission of this Affidavit by
reliable Electronic means (FaceTimes), pursuant to Federal Rules of
Criminal Procedure 41(d)(3) and 4.1, this 12th day of November, 2020


_____
HONORABLE DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

4